■ NICHOLAS CZEISLER, Respondent, v GAIL S. WILLIAMS et al., Appellants. [686 NYS2d 43] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered March 19, 1998, which denied the motions by defendant Drs. Mears and Williams for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions for summary judgment granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff's deceased wife, Bess Czeisler, was suffering from multiple myeloma. There is no dispute that this disease is ultimately fatal. However, the Supreme Court denied both motions on the basis that plaintiff's experts had raised an issue of fact "at least" with regard to the failure of Dr. Mears and Dr. Williams to diagnose and treat a staph endocarditis infection during Bess Czeisler's hospitalization from May 21 through June 23, 1992, in light of a prior blood culture that grew gram positive rods, as well as her low grade fevers, lethargy, vomiting and other symptoms.

Initially, both doctor defendants offered testimonial and documentary proof that Dr. Mears had diagnosed multiple myeloma as early as November 1989, which he discussed with Dr. Williams. The submissions show that both defendants concluded that the decedent should have a baseline diagnostic

procedure, but that she refused to undergo a skeletal survey scan. Further, it was undisputed that at *that* time the decedent had none of the symptoms which would require treatment to alleviate pain. There was no need, therefore, to begin treatment until such time as the plaintiff began experiencing pain or other secondary effects of the myeloma. Accordingly, partial summary judgment was warranted with respect to the claim of failure to timely diagnose and treat the multiple myeloma as to both physicians.

In addition, while plaintiff claims that defendants failed to diagnose and treat postmenopausal osteoporosis in the decedent, there was no evidence offered by plaintiff that decedent actually suffered from any form of osteoporosis, separate from her loss of bone density, secondary to the multiple myeloma. Thus, the IAS Court should have granted partial summary judgment to both defendants with respect to any failure to diagnose and/or treat osteoporosis.

Accordingly, all claims for negligent diagnosis or treatment prior to April 1992 should have been dismissed. The remaining claim of plaintiff is defendant's failure to diagnose and treat staph endocarditis as to which the IAS Court found an issue of fact. However, we perceive no factual issue raised. Plaintiff's oncology expert expressly conceded that the signs or symptoms of a bacterial staph endocarditis could have been masked by chemotherapeutic and antibiotic medications. Also, plaintiff's expert's only allegation was that the acts or omissions of medical malpractice consisted of failure to order additional blood cultures and echocardiograms "in late May and early June of 1992." However, the record shows that an additional blood culture was, in fact, ordered by defendant Dr. Mears, performed on June 2, and showed no sign of staphylococcus growth. Concur—Sullivan, J. P., Nardelli, Lerner and Rubin, JJ.